POLEN, J.
 

 Appellant, Aaron Newsome, appeals the trial court’s summary denial of his motion for postconviction relief brought pursuant to Florida Rule of Criminal Procedure Rule 3.850.
 

 Newsome was charged by information with one count of burglary of a dwelling and one count of grand theft, curtilage of a dwelling for events occurring on February 14, 2004. Around 11:30 p.m. on February 14, Susan Beitelshees heard a loud crash in the fenced backyard of her residence. Beitelshees called her son who came to the home. Upon arriving, Beitelshees’ son found Newsome crouched behind a car in the driveway. An air compressor, a tool box, and a dolly had been removed from an open trailer stored in the backyard and placed on the ground next to the trailer. The police arrived and arrested Newsome.
 

 As to his first claim, Newsome asserts that his counsel was ineffective for not objecting to the court’s use of the phrase “remaining in” during the jury instruction. The State, in its response to Newsome’s motion for post-conviction relief, argued that it was not error to use the phrase because the facts of the case
 
 did
 
 support a surreptitious remaining. The State’s record attachments, which were provided to
 
 *1092
 
 the trial court, conclusively refute this particular claim set forth by Newsome.
 

 In arguing that the record did support a finding that Newsome “surreptitiously remained,” making the “remaining in” language proper, the State cites portions of the record in which Newsome admits to entering the Beitelshees’ backyard without consent for the purpose of “hiding” and “finding a safe place to sleep.” The crime of burglary, as defined by section 810.02(l)(b), Florida Statutes (2007), includes:
 

 (1) Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or
 

 (2) Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
 

 a. Surreptitiously, with the intent to commit an offense therein;
 

 b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or
 

 c. To commit or attempt to commit a forcible felony, as defined in s. 776.08.
 

 § 810.02(l)(b), Fla. Stat. (2007). Section 810.011 defines structure and dwelling:
 

 (1) “Structure” means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof....
 

 (2) “Dwelling” means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof....
 

 § 810.011, Fla. Stat. (2007) (emphasis added). Finally, in
 
 State v. Hamilton,
 
 660 So.2d 1038 (Fla.1995), the Florida Supreme Court held that an enclosed yard was part of the curtilage of a dwelling.
 
 Id.
 
 at 1044. (“[Strict construction] requires us to carry forward the common law requirement of some form of an enclosure in order for the area surrounding a residence to be considered part of the ‘curtilage’ as referred to in the burglary statute”).
 

 Because a fenced backyard qualifies as a dwelling or structure as defined in section 810.011, Florida Statutes (2007), the fact that Newsome may have remained in the Beitelshees’ backyard supports the State’s position that the “remaining in” instruction was proper. Accordingly, Newsome’s first claim is refuted by the record and the trial court did not err in summarily denying him relief on this ground.
 

 As to Newsome’s other two claims, regarding his counsel’s alleged failure to adequately communicate the State’s plea offer and properly present evidence of fair market value of each listed piece of property, we find these claims refuted by the record as well.
 

 Affirmed.
 

 WARNER and HAZOURI, JJ., concur.